## Certelli v. Pizzola

*Waldo P. Breeden*, for plaintiff.
*Edwin B. Goldsmith*, for defendant.

O'Toole, J., March 2, 1945.—Plaintiff has a judgment against Annie Pizzola, Loretta Carlo and Margherita Cavallaro. He issued execution attachment, naming six persons as garnishee defendants. It appears that the garnishee defendants were all tenants in a certain residential building. Plaintiff, on the theory that the judgment defendants were the owners of this building, a fact nowhere disclosed in this record, ruled

the garnishee defendants to answer interrogatories inquiring to whom they held as tenants, what were the terms of their leases, what rent was reserved, and what rent was due. To these interrogatories the garnishee defendants filed responsive answers stating the terms of the leases and the rent reserved. They further stated that they held these leases from "John T. Baker and Son, Agent," and had no knowledge of the real owner of the building. They further stated that rent was paid monthly and that no rent was then due.

Taking no action on these interrogatories and answers plaintiff subsequently took a rule on garnishees to answer additional interrogatories, inquiring what rents had become due and what rents had been paid and to whom, since the original interrogatories.

Garnishees obtained a rule to strike off these additional interrogatories. Plaintiff, instead of answering this rule or putting it down for argument, took a rule for judgment for failure to answer the additional interrogatories.

On the state of the record the rule to strike off the additional interrogatories should be made absolute. If plaintiff was not satisfied with the truth and sufficiency of the original answers he should have excepted or demurred to them. Until the issue thus raised was decided in his favor the additional interrogatories were impertinent.

Since at the time plaintiff's rule for judgment for failure to answer the additional interrogatories was taken there was pending garnishees' rule to strike off these same interrogatories, which latter rule is now made absolute, plaintiff's rule for judgment should be discharged. Thus the case reverts back to the stage where plaintiff can take proper action on the original interrogatories and answers.